IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:22-CR-3075 |
| vs. | |
| SAID MUHAMMAD ALMUSTAQIIM, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report and addendum in this case. The defendant has objected to the presentence report, filing 61, and asked for a downward variance, *see* filing 62 at 5-7.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report in two respects. First, the defendant objects to the base offense level of 20. The defendant raises what is best characterized as a policy-based challenge to U.S.S.G. § 2K2.1(a), which sets the base offense level based on various combinations of the defendant's prior convictions and the capability and capacity of the weapons involved in the offense.

But that's not a basis to object to the presentence report. The probation officer's responsibility, when preparing the presentence report, is to faithfully apply the guidelines as written—and nowhere does the defendant argue that the presentence report doesn't accurately reflect the guidelines or the evidence in setting the base offense level. *See* filing 62 at 2-4. The defendant's objection, in other words, isn't actually to the presentence report.

Rather, what the defendant is actually inviting the Court to do is *vary* from the guidelines based on a policy disagreement. *See* filing 62 at 2-4. That, the Court can do. *See Kimbrough v. United States*, 552 U.S. 85, 102 (2007). But the Court isn't persuaded to go that far in this case either. Rather, the Court will consider the defendant's argument more narrowly, and determine whether the § 3553(a) factors support a guidelines sentence *in this case* for *this defendant*.

As the Supreme Court explained in *Kimbrough*,

> in the ordinary case, the [United States Sentencing] Commission's recommendation of a sentencing range will reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives. The sentencing judge, on the other hand, has greater familiarity with the individual case and the individual defendant before him than the Commission or the appeals court. He is therefore in a superior position to find facts and judge their import under § 3553(a) in each particular case. In light of these discrete institutional strengths, a district court's decision to vary from the advisory Guidelines may attract greatest respect when the sentencing judge finds a particular case outside the "heartland" to which the Commission intends individual Guidelines to apply. On the other hand, while the Guidelines are no longer binding, closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations even in a mine-run case.

552 U.S. at 574-75. The Court acknowledges the defendant's argument that § 2K1.2(a) is poorly crafted, considering that some of the weapons at issue can now be legally purchased. *See* filing 62 at 2-3. But the Court is hard-pressed to find that in a mine-run case, the § 3553(a) factors are unserved by a greater offense level for an offense that involves higher capacity weapons, or one committed by an offender with more serious prior offenses. *See* § 2K2.1(a). Rather, the more relevant question—also posed by the defendant—is whether the defendant's circumstances *in this case* are distinguishable from a mine-run case. *See* filing 62 at 2.

Accordingly, the Court will overrule the defendant's objection in this respect, because the defendant doesn't argue that the presentence report erroneously applies the guidelines. The Court also declines the defendant's invitation to generally deviate from § 2K2.1(a) on policy grounds. The Court will, however—as it always does—carefully consider whether the § 3553(a) factors warrant a variance from the guidelines in this case.

The defendant's other objection is to the four-level enhancement to the offense level assessed pursuant to § 2K2.1(b)(6)(B) for possessing a firearm in connection with another felony offense—specifically, marijuana distribution. Filing 61 at 1-2. The defendant's objection here is more straightforward: He says he's not a drug dealer. Filing 62 at 4.

Where, as here, the other alleged offense supporting a § 2K2.1(b)(6)(B) enhancement is drug trafficking, the enhancement applies whenever "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *United States v. Walker*, 900 F.3d 995, 997 (8th Cir. 2018) (citing § 2K2.1 cmt. n.14(B)). Alternatively, the

enhancement may apply if the firearm facilitated, or had the potential of facilitating, the other felony offense. *See United States v. Mitchell,* 963 F.3d 729, 731 (8th Cir. 2020) (citing § 2K2.1 cmt. n.14(A)). But the government bears the burden of proving facts to support a § 2K2.1(b)(6)(B) enhancement. *Mitchell,* 963 F.3d at 731. Accordingly, the Court will resolve this objection on the evidence at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 30th day of January, 2023.

BY THE COURT:

John M. Gerrard
United States District Judge